```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


GEORGE ALLDAY,                       :
                                     :
     Plaintiff,                      :
                                     :
v.                                   :    CIVIL ACTION 07-0456-M
                                     :
MICHAEL J. ASTRUE,                   :
Commissioner of                      :
Social Security,                     :
                                     :
     Defendant.                      :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 16). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 27).  Oral argument was waived in this action (Doc. 26).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Godwin was thirty-two years old, had completed a high school special education curriculum (Tr. 385-86), and had previous work experience as a pipe insulator (Tr. 386). In claiming benefits, Plaintiff alleges disability due to diabetes and a wrist fracture (Doc. 17).

The Plaintiff filed protective applications for disability benefits and SSI on July 29, 2005 (Tr. 63-65; *see* Tr. 13). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Allday could not perform his past relevant work, there were specified sedentary and light work jobs which he could perform (Tr. 10-22). Plaintiff requested review of the hearing decision (Tr. 8-9) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Allday alleges

that:  (1) The ALJ did not properly consider the opinions and diagnoses of his treating physician; and (2) the ALJ failed to develop the record regarding his mental impairment (Doc. 16). Defendant has responded to—and denies—these claims (Doc. 22).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of one of Plaintiff's treating physicians.  Godwin specifically references the records of Dr. J. H. Prine (Doc. 16, p. 3).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[1] *see also* 20 C.F.R. § 404.1527 (2007).

On December 12, 2006, Dr. J. H. Prine, with the Mobile County Health Department, completed a physical capacities evaluation (hereinafter *PCE*) which indicated that Allday was capable of sitting, standing, and walking for two hours at a time, each, while sitting for four, standing for three, and walking for three hours during an eight-hour day; the doctor further indicated that Plaintiff could never carry more than six

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

pounds and could never lift as much as twenty-six pounds (Tr. 369).  Prine found Godwin incapable of simple grasping, fine manipulation, and pushing and pulling of arm controls with either hand; he could, however, use both feet for pushing and pulling of leg controls.  Additionally, Plaintiff could never bend, squat, crawl, climb, reach, balance, or reach and was moderately limited in working at unprotected heights, being around moving machinery, being exposed to marked changes in temperature, humidity, dust, fumes, and gases, and driving automotive equipment.

   The ALJ specifically discredited Dr. Prine's opinion, noting the following:

> [Prine's PCE] not only conflicts with his own records but with the entire medical evidence. Specifically, there is no indication that Dr. Prine has regularly treated the claimant. The office notes are from a variety of physicians, none of whom have found that the claimant is incapable of performing work activity.  The Administrative Law Judge specifically notes that no restrictions have been placed on the claimant prior to the completion of the physical capacities evaluation on December 12, 2006.  In addition, the prior examination by Dr. Parker on October 5, 2006 indicated the claimant was in no acute distress and was not chronically ill.  The remainder of the examination was essentially normal and the claimant was advised to return as needed.

(Tr. 19).  The Court has reviewed the records from the Mobile County Health Department, covering the period of July 22, 2004 through October 5, 2006 (Tr. 172-74, 357-67), and finds no record

that Dr. Prine ever actually examined Allday; additionally, the ALJ's summary of Dr. Parker's October 5, 2006 exam fairly summarizes his results (Tr. 357-59). The Court also notes that the ALJ gave evidentiary weight to Dr. Travis Rutland (Tr. 332-35) and Dr. John W. Lowery (Tr. 336-38), both of whom rendered reports supporting the ALJ's conclusion that Allday was capable of performing light work. Plaintiff's claim that the ALJ did not properly consider the opinions and conclusions of his treating physician is without merit.

Allday next claims that the ALJ failed to develop the record regarding his mental impairment. Plaintiff more specifically argues that the ALJ should have ordered a mental exam as he may meet the requirements of Listing 12.05C (Tr. 16, p. 2). The Eleventh Circuit Court of Appeals has required that "a full and fair record" be developed by the Administrative Law Judge even if the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Allday has submitted school records from the Mobile County Board of Education which demonstrate, in the words of his attorney, that he "attended special education classes throughout high school and that he was unable to pass the Alabama high School Graduation Exam and was therefore graduated with a Special Certificate" (Tr. 127; *see* Tr. 128-32). The records also show that Plaintiff finished 238 in a class of 243 (Tr. 128).

The Court notes that Plaintiff suggested a possibility that he met the requirements of Listing 12.05C.  The introductory notes to Section 12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2007).  Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."  20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2007).

The Court further notes that although the regulations require that Plaintiff demonstrate that he suffered "deficits in adaptive behavior" before he turned twenty-two, 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2007), the Eleventh Circuit Court of Appeals, in *Hodges v. Barnhart*, 276 F.3d 1265, 1266 (11th Cir. 2001), held "that there is a presumption that mental retardation is a condition that remains constant throughout life."  The *Hodges* Court further held "that a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age of twenty-two, when she presented evidence of low IQ test results after the age of twenty-two."  *Hodges*, 276 F.3d 1266.

6

In the action before the Court, Plaintiff has produced no test results—from any point in his life—which would indicate an IQ between 60 and 70.  The Court further notes that Allday has not listed a mental impairment as one of the reasons for seeking disability in the paperwork he filed with the Social Security Administration (*see* Tr. 59-97, 124-26).  Although Plaintiff's attorney pointed out, at the first evidentiary hearing, that Plaintiff may be mildly mentally retarded, the ALJ noted that Plaintiff's claim for benefits did not occur until he developed the physical problems (Tr. 388).  In fact, the ALJ found that Allday had only mild mental limitations; specifically, the ALJ found that he has "mild restrictions on his activities of daily living and mild estimated difficulties in maintaining social functioning . . . and mild deficiencies of concentration, persistence, or pace" (Tr. 20).  Additionally, the ALJ noted that Plaintiff "has not taken prescription medications specifically for mental health complaints and has not undergone treatment at a mental health facility" (*id.*).

The Court finds substantial support for the ALJ's conclusions regarding Plaintiff's mental impairment.  The Court is aware that Allday has made the argument that his poverty has kept him from seeking treatment; the Court further acknowledges that the Eleventh Circuit Court of Appeals has held that poverty excuses noncompliance with medical treatment.  *Dawkins v. Bowen*,

848 F.2d 1211, 1213 (11th Cir. 1988).  Nevertheless, the Court does not find that the evidence of record warranted a consultative examination to explore the possibility that Allday may have a mental impairment.  The Court finds that Plaintiff's claim that the ALJ did not develop a full and fair record is without merit.

Plaintiff has raised two claims in bringing this action. Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 28th day of February, 2008.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE